IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUSTIN E. RIDDLE, and ERIN M. RIDDLE, <br><br> Plaintiffs, <br><br> vs. <br><br> CHARTER WEST BANK, A Nebraska Corporation; <br><br> Defendant. | 8:18CV17 <br><br> **FINDINGS AND RECOMMENDATION AND ORDER** |

This matter is before the Court on Defendant CharterWest Bank's Motion to Remand ([Filing No. 27](#)), as well as Plaintiffs' Motion for Sanctions ([Filing No. 31](#)), Motion to Compel ([Filing No. 33](#)), Motion To Remove Non-Party from Case Information ([Filing No. 34](#)), "Motion to Compel Defense to Provide a Legal Theory for Defense" ([Filing No. 36](#)), and Request for Oral Argument ([Filing No. 52](#)). For the reasons set forth below, the undersigned will recommend that the Motion to Remand be denied. The undersigned will also order that Plaintiffs' motions be denied.

**FACTS**

On December 13, 2017, Plaintiffs, proceeding *pro se*, filed suit against CharterWest Bank ("CharterWest") and Federal Reserve Bank of Kansas City ("Federal Reserve") in the District Court of Douglas County, Nebraska, alleging (1) breach of fiduciary duty; (2) tortious interference with a business relationship; (3) fraud; (4) violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.; (5) "willful noncompliance;" and (6) conspiracy. ([Filing No. 1](#).) On January 16, 2018, Federal Reserve removed the action to this Court pursuant to 12 U.S.C. § 632, which provides for original federal jurisdiction over, and removal of, civil actions filed in state court which involve "any Federal Reserve bank." ([Filing No. 1](#).)

On May 8, 2018, this Court dismissed Plaintiffs' claims against Federal Reserve in their entirety and terminated Federal Reserve as a party. ([Filing No. 21](#).) The Court also dismissed all

claims against CharterWest, except Plaintiffs' claim against CharterWest for tortious interference with a business relationship. CharterWest has now moved the Court to remand this action back to the District Court of Douglas County, Nebraska.

**DISCUSSION**

1. **Motion to Remand**

CharterWest filed its Motion to Remand (Filing No. 27) on June 25, 2018, arguing that this Court lacks jurisdiction following Federal Reserve's dismissal from the action. CharterWest maintains that because no federal claims remain, and because this Court does not have diversity jurisdiction, remand is warranted.[1]

Pursuant to 28 U.S.C. § 1367, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367. The dismissal of the federal claims does not necessarily preclude this Court from exercising supplemental jurisdiction over the remaining tortious interference claim. Thus, CharterWest is incorrect in its assertion that this Court no longer has jurisdiction over this suit. Accordingly, the undersigned will recommend that CharterWest's Motion to Remand be denied in light of the arguments presented by CharterWest in its motion.

2. **Plaintiffs' Various Motions**

Plaintiffs request that Federal Reserve stop receiving electronic notifications regarding this case because Federal Reserve is no longer a party. (Filing No. 34.) This request will be denied as final judgment has not been entered in this action.

---

[1] Plaintiffs oppose CharterWest's Motion to Remand. (Filing No. 32.)

Plaintiffs further request that the Court sanction CharterWest for arguing in its motion to dismiss that Plaintiffs' claims are barred by *res judicata*. ([Filing No. 31](.)) This request will be denied. There is no indication that CharterWest presented this argument in bad faith.

Plaintiffs also contend that sanctions are warranted because CharterWest has not provided initial disclosures. ([Filing No. 31](.)) Plaintiffs have moved to compel production of these disclosures. ([Filing No. 33](.)) The Court's Initial Progression Order required that Federal Rule of Civil Procedure 26(a)(1) disclosures be served by June 18, 2018. ([Filing No. 25](.)) However, CharterWest filed its Motion to Remand on June 25, 2018, and evidently decided not to supply initial disclosures pending a ruling on that motion.

CharterWest argues that Plaintiffs' Motion for Sanctions and Motion to Compel should be denied because the parties did not meet and confer regarding the initial disclosure deadline before Plaintiffs filed their motions. CharterWest has also advised the Court that initial disclosures have now been provided. ([Filing No. 38](.))

Under the circumstances, the Court will not sanction CharterWest for its failure to comply with the scheduling deadlines established in this case. CharterWest filed a motion to remand shortly after the initial disclosure deadline, and Plaintiffs were not prejudiced by the delay in receiving the disclosures. CharterWest is advised, however, that a future failure to meet scheduling deadlines could result in the imposition of sanctions. Plaintiffs' present motion for sanctions will be denied.

Plaintiffs also filed a "Motion to Compel Defense to Provide a Legal Theory for Defense." ([Filing No. 36](.)) CharterWest's defenses are outlined in the parties' Rule 26(f) Report. ([Filing No. 24](.)) Information regarding any factual support for these defenses can be obtained during the discovery phase of this lawsuit. Therefore, this motion will be denied.

Plaintiffs filed a Request for Admission with the Court, which is showing on the docket as a pending motion. ([Filing No. 39](.)) Discovery requests should be sent directly to CharterWest's

counsel and not filed with the Court. Thus, the Request for Admission will be terminated as a pending motion.

Plaintiffs further request that the Court hold oral argument in this case. ([Filing No. 52](#).) This request will be denied as there is no need for oral argument on any matter at this time. The Court will discuss case progression with the parties during the telephone conference scheduled for September 10, 2018.

Accordingly,

**IT IS HEREBY RECOMMENDED** to United States District Court Judge John M. Gerrard that CharterWest's Motion to Remand ([Filing No. 27](#)) be denied.

**IT IS FURTHER ORDERED** that:

1. Plaintiffs' Motion for Sanctions ([Filing No. 31](#)) is denied.

2. Plaintiffs' Motion to Compel ([Filing No. 33](#)) is denied.

3. Plaintiffs' Motion to Remove Non-Party from Case Information ([Filing No. 34](#)) is denied.

4. Plaintiffs' Motion to Compel Defense to Provide a Legal Theory for Defense ([Filing No. 36](#)) is denied.

5. The Clerk of Court shall terminate Plaintiffs' Request for Admission ([Filing No. 39](#)) as a pending motion.

6. CharterWest's Objection ([Filing No. 38](#)) is denied as moot.

7. Plaintiffs' Request for Oral Argument ([Filing No. 52](#)) is denied.

Dated this 26th day of July, 2018.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

**ADMONITION**

A party may object to a magistrate judge's order by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation. Failure to timely object may constitute a waiver of any objection.