IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| Justin Riddle and Erin Riddle, | |
| Plaintiffs, | 8:18-CV-17 |
| vs. | |
| CharterWest Bank, a Nebraska corporation, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on defendant CharterWest Bank's objection (filing 54) to the Magistrate Judge's Findings and Recommendation and Order (filing 53) recommending that CharterWest's motion to remand (filing 27) be denied. The Court will overrule the objection, and will also take this opportunity to do some housekeeping.

MOTION TO REMAND

CharterWest's argument in support of its motion to remand was that the Court lost subject-matter jurisdiction when the Federal Reserve Bank of Kansas City was dismissed as a defendant.[1] Filing 28 at 2-3. The Magistrate Judge rejected that argument, because the Court retained supplemental jurisdiction over the Riddles' state-law claim even after the federal claims and party had been dismissed. Filing 53 at 2; *see* 28 U.S.C. § 1367; *Arbaugh v. Y&H*

---

[1] The Court notes that CharterWest advanced its argument in a motion filed on June 25, 2018, *see* filing 27, despite having represented in the Fed. R. Civ. P. 26(f) report, only 2 weeks earlier, that CharterWest did not contest jurisdiction, *see* filing 24 at 1. The Court does not approve of such practice.

*Corp.*, 546 U.S. 500, 514 (2006).

That conclusion was entirely correct,[2] and CharterWest doesn't argue otherwise. Instead, CharterWest's objection advances a different argument: that the Court should exercise its discretion to decline supplemental jurisdiction. Filing 54 at 2-5; *see Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40 (2009). That might have been a good argument to make in connection with the Court's ruling on CharterWest's motion to dismiss. *See* filing 21. But the Court is not persuaded, comity aside, that judicial economy, convenience, and fairness are served by punting the Riddles' claim back to state court several months later. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). And in any event, CharterWest can't present an argument through an objection that wasn't made to the Magistrate Judge. *See Ridenour v. Boehringer Ingelheim Pharm., Inc.*, 679 F.3d 1062, 1067 (8th Cir. 2012).

## HOUSEKEEPING

The Court takes this opportunity to observe, however, that the docket for this case has become far too cluttered, primarily because of the Riddles. The Riddles have electronically filed no fewer than 11 "statements," primarily (but not exclusively) containing arguments and evidence that, according to the

---

[2] The Court notes a split of authority regarding whether a Magistrate Judge's decision on a motion to remand is dispositive or nondispositive for purposes of review. *See Banbury v. Omnitrition Int'l, Inc.*, 818 F. Supp. 276, 279 (D. Minn. 1993). But the greater weight of authority—and the better-reasoned rule—is that such an order is effectively dispositive. *See Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 763-64 (5th Cir. 2016); *Flam v. Flam*, 788 F.3d 1043, 1046-48 (9th Cir. 2015); *Vogel v. U.S. Office Prod. Co.*, 258 F.3d 509, 517-18 (6th Cir. 2001); *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995-96 (10th Cir. 2000); *In re U.S. Healthcare*, 159 F.3d 142, 145-46 (3d Cir. 1998). So the Court has reviewed the Magistrate Judge's findings and recommendation *de novo. See* 28 U.S.C. § 636(b)(1).

Riddles, substantiate their claims on the merits. *See* filing 41; filing 43; filing 44; filing 45; filing 46; filing 47; filing 48; filing 49; filing 50; filing 51; filing 62. But there are a couple of problems with that.

First, the Court notes from the Riddles' filings that there appears to be some confusion about what claims are still pending. The Riddles' claims against the Federal Reserve were <u>dismissed</u>. Filing 21 at 19-20. The Riddles' Fair Credit Reporting Act claim was <u>dismissed</u>. Filing 21 at 14-16. No amount of additional evidence or argument will change the fact that *even if the Fair Credit Reporting Act was violated, Congress didn't provide a remedy for that*. *See* filing 21 at 14-16. The Riddles would be better served by focusing their efforts on the only claim that remains pending: whether CharterWest tortiously interfered with their business relationship with another prospective lender. *See* filing 21 at 11-13.

But more importantly, the Riddles' filings confuse the record, because it's not entirely clear to the Court—nor would it be clear to any reviewing court on appeal—what filings are meant to support or oppose what motions. Evidence and argument should be presented in support of, or opposition to, motions to the Court. They should be clearly designated as such, and they should be consolidated and filed pursuant to the briefing schedules dictated by the Court's local rules. *See* NECivR 7.1. Neither the Court nor an opposing party should be in the position of having to sort through a dozen filings and guess at which ones are meant to support or respond to a pending motion.

And it's simply not appropriate for the Riddles to litter the docket with every new piece of evidence as they find it, or every new idea they have right after they have it, as if this was some sort of argument in a Facebook comment thread. The way this works is, the parties gather their evidence and argument over the course of discovery, and present them to the Court in support of an

appropriate motion, such as a motion for summary judgment pursuant to Fed. R. Civ. P. 56. That can take time and patience, but it's the only way for a court to fully and fairly consider the parties' claims.

Accordingly, to make sure that the record is clean, the Court will direct the Clerk of the Court to strike the filings that, in the Court's assessment, were not authorized by the Federal Rules of Civil Procedure or this Court's local rules. The Riddles are encouraged, in the future, to confine their filings to notices authorized by those rules and supporting or opposing motions in accord with established procedures.

IT IS ORDERED:

1. CharterWest Bank's objection (filing 54) is overruled.

2. The Magistrate Judge's findings and recommendation (filing 53) are adopted.

3. CharterWest's motion to remand (filing 27) is denied.

4. The Clerk of the Court is directed to strike filing 41, filing 43, filing 44, filing 45, filing 46, filing 47, filing 48, filing 49, filing 50, filing 51, and filing 62.

Dated this 15th day of August, 2018.

BY THE COURT:

John M. Gerrard
United States District Judge