IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUSTIN E. RIDDLE, and ERIN M. RIDDLE, | |
| Plaintiffs, | 8:18CV17 |
| vs. | ORDER |
| CHARTER WEST BANK, A Nebraska Corporation; | |
| Defendant. | |

This matter is before the Court on Plaintiffs' Motion for Sanctions (Filing No. 88) and Motion to Compel Attendance at a Deposition (Filing No. 92). Plaintiffs' motions will be denied.

### 1. Motion for Sanctions

Plaintiffs maintain that sanctions are warranted because Defendant is making false assertions in its responses to discovery requests. Plaintiffs complain about Defendant's responses to Interrogatory Nos. 3, 4, and 5 which request information regarding the Fair Credit Reporting Act. (Filing Nos. 88, 91). Defendant has objected to Plaintiffs' motion (Filing No. 89), stating that discovery concerning the Fair Credit Reporting Act is irrelevant because the Court previously dismissed Plaintiffs' Fair Credit Reporting Act claim. (Filing No. 21.) Defendant also requests that the Court strike Plaintiffs' Motion for Sanctions because it makes personal attacks on counsel and violates this Court's August 15, 2018 Order (Filing No. 63).[1]

---

[1] The Court's August 15, 2018 Order told Plaintiffs that their numerous filings are cluttering the docket sheet and confusing the record. The Court stated "[n]either the Court nor an opposing party should be in the position of having to sort through a dozen filings and guess at which ones are meant to support or respond to a pending motion." (Filing No. 63.) Although Plaintiffs include the word "motion" on their filed documents, they are incorrectly filing the documents on the Court's electronic filing system as "statements." **Plaintiffs are advised that additional documents filed as "statements" will not be considered by the Court.** If Plaintiffs are having difficulty using the Court's electronic filing system, they are directed to contact the office of the Clerk of Court for instruction on proper use of the system.

Plaintiffs' Motion for Sanctions will be denied. This Court previously reminded Plaintiffs that the Fair Credit Reporting Act claim was dismissed and that "[n]o amount of additional evidence or argument will change the fact that *even if the Fair Credit Reporting Act was violated, Congress didn't provide a remedy for that*." ([Filing No. 63](Filing No. 63)) (emphasis in original.) Therefore, no additional discovery may be undertaken regarding this issue as it is irrelevant to Plaintiffs' claims.

Defendant's request to strike [Filing No. 88](Filing No. 88) will be denied.

2. **Plaintiffs' Motion to Compel Attendance at a Deposition**

Plaintiffs request that Defendant be compelled to produce Jana Wrick to testify at a deposition scheduled for November 7, 2018. However, the body of Plaintiffs' motion only mentions individuals named "Gary Walters" and "Steve Davis." According to Plaintiffs' filing, Plaintiffs were informed by Defendant's counsel that he does not represent Mr. Walters or Mr. Davis because they are no longer employed by Defendant. Therefore, it is unclear what relief Plaintiffs seek. However, Defendant's counsel is instructed to work with Plaintiffs to schedule properly noticed depositions of his clients.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Sanctions ([Filing No. 88](Filing No. 88)) is denied. The Motion to Compel Attendance at a Deposition ([Filing No. 92](Filing No. 92)) is denied. Defendant's Objection ([Filing No. 89](Filing No. 89)) is overruled.

Dated this 5th day of November, 2018.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge