IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUSTIN E. RIDDLE and ERIN M. RIDDLE, | |
| Plaintiffs, | 8:18-CV-17 |
| vs. | ORDER |
| CHARTER WEST BANK, A Nebraska Corporation, | |
| Defendant. | |

This matter is before the Court on the Riddles' motion for clarification (filing 101), asking the Court to clarify the effect or intent of some of Charter West Bank's filings. The Court will grant that motion to the extent it can—but, candidly, the Court is just as confused as the Riddles.

To summarize: the Riddles filed a motion for summary judgment on November 13, 2018 (filing 94). The Court entered an order the next day addressing some filing irregularities, and directed Charter West to respond to the motion on or before December 4. Filing 96. The Court specifically ordered Charter West to respond to the Riddles' statement of facts as provided by NECivR 56.1(b)(1). Filing 96 at 2.

Yesterday, Charter West filed its own cross-motion for summary judgment (filing 97). At the same time, Charter West has filed a brief (filing 98), a separate statement of undisputed facts (filing 99), and an affidavit and evidence (filing 100). The brief *also* contains a statement of undisputed facts, which is substantially the same as the separately filed statement except that citations to the record are contained in the separately filed statement, but the separately filed statement omits a separate ¶ 30. *Compare* filing 98 at 6-12

*with* filing 99. Most pertinently, Charter West's brief, statement of facts, and affidavit are all captioned as being in support of Charter West's motion for summary judgment and "in opposition to plaintiffs' motion for summary judgment." Filing 98 at 1, filing 99 at 1, filing 100 at 1. But Charter West's brief does not clearly respond to the Riddles' motion for summary judgment, nor does it respond to the Riddles' statement of facts pursuant to NECivR 56.1(b)(1), as Charter West was ordered to do. *See* filing 98; *see also* filing 96 at 2.

The question presented by the Riddles' motion for clarification (filing 101), essentially, is whether Charter West's filing is just its own motion for summary judgment, or is also intended to be its response to the Riddles' motion for summary judgment. The Court can't answer that question: despite their captions, Charter West's filings don't actually refer or respond to the Riddles' motion for summary judgment, and Charter West's time for doing so doesn't elapse until December 4. Whether Charter West intends to further provide a more complete response to the Riddles' motion for summary judgment (and it certainly should) isn't known to the Court.

What the Court can say is this much: Charter West may still respond to the Riddles' motion for summary judgment (filing 94) on or before December 4, 2018. Thereafter, the Riddles may reply in support of their motion on or before December 11, 2018. The Riddles may respond to Charter West's motion for summary judgment (filing 97) on or before December 20, 2018.[1] Charter West may reply in support of its motion on or before December 27, 2018.

---

[1] The Riddles may respond to Charter West's motion for summary judgment, and reply in support of their motion, in separate filings—or, should they choose, they could do both in the same filing sometime between December 5 and December 11. That's up to them. But it would be helpful if they're more clear about what they're doing than Charter West has been.

IT IS ORDERED that the Riddles' motion for clarification (filing 101) is granted as set forth in this order.

Dated this 30th day of November, 2018.

BY THE COURT:

John M. Gerrard
Chief United States District Judge